IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK LAMONT REED, JR., | ) |
| Petitioner, | ) Civil Action No. 2:23-cv-1900 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| KEN HOLLIBAUGH, *Superintendent of SCI Somerset*, et al. | ) |
| Respondents. | ) |

**<u>MEMORANDUM</u>**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 1) filed by Erik Lamont Reed, Jr. ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Westmoreland County at criminal docket number CP-65-CR-0000087-2016. For the reasons below, the Court will deny the petition and will deny a certificate of appealability.

**I.      Relevant Background**

Petitioner was convicted at a jury trial of one count each of murder of the first degree and firearms not to be carried without a license. On November 9, 2017, Petitioner was sentenced to, *inter alia*, life imprisonment.

The Superior Court of Pennsylvania affirmed his judgment of sentence on December 18, 2018. *Commonwealth v. Reed*, 203 A.3d 327 (Pa. Super. 2018) (unpublished memorandum). Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania which was denied on June 27, 2019. *Commonwealth v. Reed*, 216 A.3d 224 (Pa. 2019). Petitioner did not file

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

a petition for a writ of certiorari with the Supreme Court of the United States. Thus, his judgment of sentence became final under both state and federal law on or around September 25, 2019, when the 90-day period for him to file a petition for a writ of certiorari expired. Sup. Ct. R. 13 (time for petitioning); 42 Pa. Cons. Stat. § 9545(b)(3); 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On May 18, 2020, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. The trial/PCRA court ultimately denied the PCRA petition on February 23, 2022. Petitioner filed an appeal from the denial. The Superior Court of Pennsylvania affirmed the denial of the PCRA petition on December 14, 2022. *Commonwealth v. Reed*, 290 A.3d 678 (Pa. Super. 2022) (unpublished memorandum). Petitioner filed a petition for allowance of appeal, but the Supreme Court of Pennsylvania denied it on May 26, 2023. *Commonwealth v. Reed*, 298 A.3d 754 (Pa. 2023).

Petitioner filed the instant petition for a writ of habeas corpus on October 26, 2023. (ECF No. 1 at 15.) In this petition, he raises a single ground for relief: ineffective assistance of trial counsel for failing to employ an expert witness.

Respondents filed an answer (ECF No. 11), and Petitioner filed a reply. (ECF No. 16.)

Respondents assert, among other things, that Petitioner's claim is time-barred under the applicable one-year statute of limitations. Petitioner asserts that the claim is timely.

**II.   Discussion**

    A.   <u>Jurisdiction</u>

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of

the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

      B.    <u>Statute of limitations</u>

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance'. . .In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

In this case, the statute of limitations for Petitioner's claim began to run on the date his judgment of sentence became final, in accordance with § 2244(d)(1)(A). As discussed above, Petitioner's judgment of sentence became final on September 25, 2019. The one-year limitations period for Petitioner's claim began to run on that date.

Petitioner filed his first PCRA petition 236 days later, on May 18, 2020. Under § 2244(d)(2), this first PCRA proceeding statutorily tolled ADEPA's limitations period from May 18, 2020, until May 26, 2023, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (a petitioner is not entitled to statutory tolling for the period available to petition for writ of certiorari to the United States Supreme Court following state collateral review); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000) (same).

AEDPA's limitations period began to run again the next day, on May 27, 2023. At that point, because 236 days had already expired from the limitations period, Petitioner had 129 more days—until October 3, 2023—to file timely claims in a federal habeas petition. As explained above, the instant petition was filed on October 26, 2023. Thus, Petitioner's habeas claim is untimely.

Petitioner acknowledges that his petition is untimely on its face but asserts that he is entitled to equitable tolling of the limitations period.[2] (ECF No. 16 at 7-8.) The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649.

---

[2] The Court assumes for the purposes of this Memorandum only that the exhibits that Petitioner relies on in support of his equitable tolling argument are authentic. *See Williams v. Woodford*, 384 F.3d 567, 590-91 (9th Cir. 2004) (expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts is a permissible step that may avoid the necessity of an expensive and time-consuming evidentiary hearing); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) (Rule 7 "can be used to introduce new factual information into the record in lieu of an evidentiary hearing").

Petitioner first asserts that he is entitled to equitable tolling for the 90-day period between May 26, 2023, the date the Pennsylvania Supreme Court denied his petition for allowance of appeal in his PCRA litigation, and August 24, 2023, the date his PCRA counsel notified him of that denial. (ECF No. 16 at 7-8.) The Court of Appeals for the Third Circuit has found that such a delay in notification is not an extraordinary circumstance sufficient to warrant tolling. In *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005), LaCava implied that his counsel was derelict in failing to timely notify him of the Pennsylvania state court's decision in his PCRA litigation. The Third Circuit addressed this claim as follows:

> This Court has held that AEDPA's statute of limitations is subject to equitable tolling. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998). We have cautioned, however, that courts should be sparing in their use of this doctrine, *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), applying equitable tolling "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quotation marks and citation omitted). Equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair," *Miller*, 145 F.3d at 618 (quotation marks and alterations omitted), such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims. *Fahy v. Horn*, 240 F.3d 239, 244-45 (3d Cir. 2001). Mere excusable neglect is not sufficient. *Miller*, 145 F.3d at 618-19; *see also Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).
>
> . . .
>
> We note that LaCava was represented by counsel during his state collateral proceedings, including the filing of his petition for allowance of appeal. Accordingly, LaCava was not entitled to personal notice of the Pennsylvania Supreme Court's order. *See* Pa. R. App. P. 1123(a). LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. We have stated that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (quoting *Fahy*, 240 F.3d at 244); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002). LaCava advances no allegations of attorney malfeasance that would elevate this case to an "extraordinary circumstance" sufficient to warrant equitable tolling. Moreover, the circumstances of this case are certainly distinguishable from that presented in *Seitzinger*, *supra*,

5

> 165 F.3d at 242, where we held that an attorney's affirmative misrepresentation to his client that he had filed a timely complaint on her behalf when in fact he had not, coupled with the plaintiff's extreme diligence in pursuing her claim, "created a situation appropriate for tolling."

*LaCava*, 398 F.3d at 275-76.

Accordingly, Petitioner has not established that an extraordinary circumstance prevented timely filing of his petition. Moreover, he has not established that he pursued his rights diligently after he received notice from his PCRA counsel that his state collateral proceeding had concluded. Petitioner admits he received that notice on or around August 24, 2023. Accepting this representation as true for the sake of argument, on that date, Petitioner still had approximately 40 days remaining on AEDPA's statute of limitations to file a timely petition with this Court. He may not have understood the ramifications of waiting any longer than that to file his federal habeas petition, but a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003)) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence.") Accordingly, he is not entitled to equitable tolling on this basis.

Petitioner also asserts that he is entitled to equitable tolling for two 20-day periods: (1) from June 27, 2019, to July 17, 2019; and (2) from May 26, 2023, to June 15, 2023. These periods begin on the date the Pennsylvania Supreme Court denied his petitions for allowance of appeal (in his direct and collateral appeals, respectively), and end on the date those denials were noted on the

docket of the Court of Common Pleas. (ECF No. 16 at 7-8.) Petitioner asserts that he "was going off of" the trial court docket, as shown by his requests for copies of the Common Pleas docket sheet on January 20, 2023, February 27, 2023, April 5, 2023, and June 1, 2023. (*Id.*; ECF No. 16-5.)

Even if Petitioner was misled by the trial court's docket as to the date of the Supreme Court's 2019 decision, because he did not request an updated trial court docket after June 1, 2023, he could not have relied on the June 15, 2023, docket entry reflecting the inaccurate date for the 2023 denial of petition for allowance of appeal. Thus, he is not entitled to the benefit of the second 20-day delay. Moreover, if the Court extended the limitations period by tolling the first 20-day period, from June 27, 2019, to July 17, 2019, the new expiration date would be October 23, 2023, and the petition, filed on October 26, 2023, would still be untimely.

Because Petitioner's habeas claim is untimely, his petition will be denied.[3]

### III.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of

---

[3] Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Petitioner does not argue that the "miscarriage of justice" exception applies here, nor has he directed the Court to anything in the record that would support a finding that this is not one of the rare cases in which the exception is implicated.

a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim should be denied as untimely. Thus, a certificate of appealability will be denied with respect to his claim.

### IV.    Conclusion

For these reasons, the Court will deny the petition because the federal habeas claim asserted in it is time-barred and will deny a certificate of appealability.

An appropriate Order follows.


Dated: April 8, 2025                                /s/ Patricia L. Dodge
                                                    PATRICIA L. DODGE
                                                    UNITED STATES MAGISTRATE JUDGE